## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| **ROBERT KETCHUP,** | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | Case No: 5:14-cv-00384 |
| | : | |
| **Officer JACKSON,** *et al.***,** | : | Proceedings Under 42 U.S.C. § 1983 |
| **Defendants.** | : | Before the U.S. Magistrate Judge |

### RECOMMENDATION

Plaintiff Robert Ketchup filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Doc. 1. Because Plaintiff has failed to prosecute this case by keeping the Clerk of Court and all opposing parties advised of his current mailing address at all times, it is **RECOMMENDED** that the above-styled case be **DISMISSED**.

On December 17, 2014, the Court issued an order providing instructions to the parties in the above-styled case. Doc. 8. In that order, the Court specifically advised Plaintiff that "he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute." *Id*. at 6. The order also directed the parties to keep the Clerk of Court and all opposing parties advised of their current mailing address at all times, warning that the "failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings." *Id*.

The record establishes that Plaintiff has not kept the Clerk of Court and all opposing parties advised of his current mailing address. On March 2, 2016, the Court ordered Plaintiff to file a status report as to the completion of discovery in his case. Doc. 15. On March 9, 2016, a copy of that order entered on March 2, 2016 (Doc. 15) that had been mailed to Plaintiff's last mailing

address was returned to the Court as undeliverable (Doc. 16). On April 8, 2016, the Court issued an Order to Show Cause, directing Plaintiff to show cause as to why his case should not be dismissed for failure to diligently prosecute his claims. Doc. 17. On April 15, 2016, a copy of the order to show cause entered on April 8, 2016, (Doc. 17) that had been mailed to Plaintiff's last mailing address was returned to the Court as undeliverable in an envelope marked "attempted not known" (Doc. 18).

As this Court has "inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases,'" *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (*quoting Chambers v. NASCO, Inc*., 501 U.S. 32, 43, (1991)), including the power to dismiss a case for failure to prosecute or failure to comply with a court order, *id.* (*citing* Fed.R.Civ.P. 41(b)); *see also Hyler v. Reynolds Metal Co*., 434 F.2d 1064, 1065 (5th Cir. 1970) ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute...."), Plaintiff's case must be dismissed for failure to prosecute and failure to comply with a Court Order.

Dismissal is also appropriate even though Plaintiff's alleged incident occurred on June 3, 2014, and the statute of limitations has run since he filed the complaint. Thus, a dismissal without prejudice is, in effect, with prejudice. *Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993); *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. 1981). "[D]ismissals with prejudice are not appropriate unless the district court finds both that a clear record of delay or willful misconduct exists, and that lesser sanctions are inadequate to correct such conduct. Mere negligence is insufficient to justify a finding of delay or willful misconduct." *Stephenson v. Doe,* 554 F. App'x. 835, 837 (11th Cir. 2014) (citations omitted).

The Court has ordered Plaintiff to file a status report and a response twice, which he has failed to do. Plaintiff was also forewarned of the consequences of failing to comply in the Court's most recent April 8, 2016, Order to Show Cause. See *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that when the litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion). Finally, Plaintiff's case has languished for more than fifteen months. These delays further indicate that Plaintiff does not have a serious interest in prosecuting his case, and similar dismissals with prejudice have been upheld by the Eleventh Circuit. See *Hickman v. Hickman*, 563 F. App'x 742 (11th Cir. 2014) and *Eades v. Ala. Dep't of Human Res.*, 298 F. App'x 862 (11th Cir. 2008).

Because Plaintiff has failed to keep the Clerk of Court and all opposing parties advised of his current mailing address at all times, the Court must conclude that Plaintiff has abandoned his claims. Accordingly, **IT IS RECOMMENDED** that the above-styled case be **DISMISSED** based on Plaintiff's failure to diligently prosecute this case. Although it may prove to be an exercise in futility, the Clerk of Court is hereby **DIRECTED** to serve Plaintiff at the **last mailing address** provided by him.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation to Dismiss with the District Judge to whom this case is assigned, **within fourteen (14) days** after being served with a copy thereof.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for

failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 5th day of August, 2016.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge